**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

PEDRO NEVES CELESTINO, )
)
Petitioner, )
)
v. ) Case No. 6:26-cv-03408-MBB
)
JIM C. ARNOTT, et al., )
)
Respondents. )

## <u>ORDER</u>

Petitioner Pedro Neves Celestino petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). And he argues that his continued detention violates the Constitution. (*Id.* at p. 22). He asks the Court to order the Government to provide a bond hearing or immediately release him. (*Id.* at p. 27). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), procedural due process, substantive due process, the Suspension Clause, or the Administrative Procedure Act (the "APA"), the petition is DENIED.

## Background

Petitioner, a citizen of Angola, entered the United States illegally in 2023. (**Doc. 1-2**, pp. 2, 21). DHS arrested him, initiated removal proceedings, and released him on his own recognizance "due to lack of space" at the border patrol station. (*Id.* at p. 15). Petitioner filed an application for asylum. (*Id.* at p. 7). On November 5, 2025, DHS arrested Petitioner and detained him without bond. (*Id.* at pp. 15-16). On February 11, 2026, an immigration judge denied his application for asylum and ordered him removed to Angola. (*Id.* at pp. 26-34). Petitioner

appealed.  (*Id.* at p. 37).  He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending resolution of that appeal.  (*Id.* at p. 41); (**Doc. 1**, p. 4); (**Doc. 4**, p. 2).

On July 14, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that his detention without bond violates the INA.  (*Id.* at pp. 15-17). He argues that DHS violated his Constitutional right to due process and the APA when it revoked his conditional parole.  (*Id.* at pp. 23-25).  He argues that his continued detention without bond violates the Fifth Amendment.  (*Id.* at pp. 17-23).  And he claims that his mandatory detention violates the Suspension Clause.  (*Id.* at p. 26).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful."  ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden.  His mandatory detention pending removal proceedings does not violate the INA, his right to due process, or the Suspension Clause.  And his APA claim is misplaced.

2

**I.** **Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134.

Petitioner concedes that he has not been admitted to the United States. (**Doc. 1**, p. 5). His conditional parole did not bestow admission. *See Sanchez*, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He is present in the United States without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A).

Petitioner argues that because DHS initially released him under Section 1226(a), the Government cannot now rely on Section 1225(b)(2)(A) to detain him without bond. (**Doc. 1**, p. 16). He is wrong. DHS may revoke conditional parole granted under Section 1226(a) "at any time." **8 U.S.C. § 1225(b)**. And Petitioner is still an "applicant for admission," "seeking

3

admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. "[T]he mere failure of [DHS]" to initially detain him under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act." *See Avila*, 170 F.4th at 1137 (internal quotation marks omitted). As the Eighth Circuit recently emphasized, "the authority granted by Congress cannot evaporate through lack of administrative exercise." *Id.* (cleaned up).

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner claims that conditional parole gave him a liberty interest, which the Government may not revoke without a hearing. (**Doc. 1**, p. 6). But removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See Baynee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024). *See also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). The legislative scheme here gives the Government discretion to revoke conditional parole and detain an alien. *See* **8 U.S.C. § 1226(b)**. The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

Petitioner argues that the Government violated 8 C.F.R. § 1236.1(c)(9), and his right to procedural due process, when it revoked his parole and re-detained him. (**Doc. 5**, p. 8). He argues 8 C.F.R. § 1236.1(c)(9) permits revocation of release "only by specified officials and in accordance with specified procedures." (*Id.*). He claims that (1) no authorized official revoked his release, and (2) the Government relied on an impermissible rationale for revocation. (*Id.*); (**Doc. 1**, p. 24). But Petitioner fails to prove that no authorized official revoked his release. *See Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979) (discussing the burden of proof in habeas corpus proceedings). And 8 C.F.R. § 1236.1(c)(9) does not limit the rationale for revoking release. *See* **8 C.F.R. §**

4

**1236.1(c)(9)**.  Regardless, an inadmissible alien "has no entitlement to procedural rights other than those afforded by statute."  *See **Thuraissigiam***, 591 U.S. at 107.  And statute authorized Petitioner's re-detention.  *See **8 U.S.C. § 1226(b)***.

Finally, Petitioner argues that even if his re-detention did not violate his right to due process, his detention "has become unconstitutionally prolonged."  (**Doc. 1**, p. 22).  But in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  *See **Demore***, 538 U.S. at 531.  The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings.  ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite).  And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings.  ***Baynee***, 115 F.4th at 933.  That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'"  ***Id.*** at 932, *quoting **Demore***, 538 U.S. at 527.  Like the statute in *Demore*, Section 1225(b)(2)(A) only requires detention pending removal proceedings.  **8 U.S.C. § 1225(b)(2)(A)**.  Petitioner concedes that his removal proceedings are pending.  (**Doc. 1**, p. 5).  Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, due process requires no more.  *See **Baynee***, 115 F.4th at 932.

III.   **Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."  ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted).  Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither

5

liberty nor justice would exist if they were sacrificed." *Minnesota Deer Farmers Ass'n v. Strommen*, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See id.* at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. And "[a] wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." *Carlson v. Landon*, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See Glucksberg*, 521 U.S. at 721. Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending removal proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See Minnesota Deer Farmers*, 146 F.4th at 670. "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See Baynee*, 115 F.4th at 931-33. Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See Demore*, 538 U.S. at 528.

**IV. Petitioner's continued detention does not violate the Suspension Clause.**

"The Suspension Clause provides that '[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.'" *Thuraissigiam*, 591 U.S. at 116, *quoting* **U. S. Const., Art. I, § 9, cl. 2**. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, Petitioner attacks the legality of his continued custody. And as discussed, the Court has jurisdiction to review his claims under 28 U.S.C. § 2241. The Court did review his claims and finds them lacking. Petitioner's Suspension Clause claim fails. *See* **Chi v. Warden, Bluebonnet Det. Facility**, 2026 WL 1062625, at *3 (N.D. Tex. April 13, 2026) (explaining that a petitioner's Suspension Clause claim was "puzzling" because the court exercised jurisdiction under 28 U.S.C. § 2241 to review the merits of the petition).

**V. Relief is not available under the APA.**

The APA "provides for review of a final agency action for which there is no other adequate remedy in a court." *See* **Union Pac. R.R. Co. v. United States R.R. Ret. Bd.**, 162 F.4th 908, 917 (8th Cir. 2025) (internal quotation marks omitted). The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." *Bangura v. Hansen*, 434 F.3d 487, 501 (6th Cir. 2006); *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (explaining that APA claims and habeas claims follow different litigation paths).

Even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to detain him without bond. *See **Zadvydas***, 533 U.S. at 687. So there is an "adequate remedy in court," which precludes Petitioner's APA claim. *See **Union Pac. R.R.**,* 162 F.4th at 917. *See also **Dominguez v. Mordant***, 2026 WL 1098252, at *3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

### Conclusion

Petitioner's continued detention does not violate the INA, his rights to procedural or substantive due process, or the Suspension Clause. And his APA claim is misplaced. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2026